ALBERT JOHNSON *v.* T. A. JENNINGS.

72　349
f87　625

PRIVILEGE TAX. *Cotton seed buyer.* *Code* 1892, § 3342.

A merchant, who, as such, is required to pay a privilege tax, and who, in addition to taking cotton seed incidentally for goods and in payment of debts, buys them to fill contracts and sell in the market, is liable to a privilege tax as a public cotton seed buyer, under § 3342, code 1892, imposing such a tax on "each public cotton seed buyer, except merchants in their legitimate business."

FROM the circuit court of Tallahatchie county.

HON. R. W. WILLIAMSON, Judge.

Appellee, a merchant, sued appellant for damages for failure

to deliver certain cotton seed and for money advanced.    A defense relied on was that plaintiff was a public cotton seed buyer and had not paid the privilege tax required by § 3342, code 1892, which makes void all contracts in relation to a business transacted by anyone without having paid the required privilege tax.    Section 3390 of said code provides for the payment by merchants of a privilege tax, to be graduated according to the amount of stock.    Section 3342 levies a privilege tax of $10 on each public cotton seed buyer.    Judgment for plaintiff.    Defendant appeals.    The opinion contains a further statement of the case.

*Cook & Anderson*, for appellant.

Plaintiff was a public cotton seed buyer, and liable to the privilege tax of $10 levied by § 3342, code 1892.    See *Jones* v. *State*, 69 Miss., 406.    He was a merchant, and, in addition, was engaged in the general business of buying and selling cotton seed.    The contract in question was made in connection with that business, and is void.

*Stone & Lowrey*, for appellee.

Cotton seed buying was a part of plaintiff's legitimate business as a merchant.    The law providing for a privilege tax is strictly construed, and one will not be required unless clearly within the terms of the statute.    We submit that the evidence shows that plaintiff was not liable to pay a separate privilege tax as a cotton seed buyer.    The defendant was a customer of the store, and the transaction with him, out of which this suit arose, was a part of the mercantile business.

We submit that the jury was properly instructed, and that the judgment should be affirmed.

WOODS, J., delivered the opinion of the court.

By § 3342, code 1892, a privilege tax of ten dollars is levied "on each public cotton seed buyer, except merchants in their legitimate business."    The appellee was a merchant, and had paid the proper privilege tax on his store.    In his legitimate

business as a merchant, he purchased cotton seed on account from customers to whom he had sold goods as a merchant, and this, we are of opinion, he was entitled to do as an incident to the legitimate prosecution of his mercantile business. That business was the sale or barter of his goods and wares to others. But the evidence clearly shows that the appellee not only bartered goods in his mercantile business for cotton seed, and bought cotton seed on account from customers indebted to his store for goods theretofore sold by him as such merchant, but, also, that he bought seed wherever he could, and sold to fill contracts with others, and to any buyer from him who would pay the best price. He bought from the public generally, and he thus purchased to sell again in the best market. He was, in so buying and selling, a public cotton seed buyer, and was not a merchant bartering goods for cotton seed, or buying cotton seed on account from customers indebted to him for goods theretofore bought from his store, as incidental to and proper in the legitimate business of a merchant, as such.

A peremptory charge should have been given for defendant below.

*Reversed.*